IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

RYAN HUML and
MICHAEL HARTMAN            )
                           )
       Plaintiffs,         )
                           )
                           )
v.                         )     No. 3:07-CV-282
                           )
                           )
ABUELO'S INTERNATIONAL, LP,)
ABUELO'S INTERNATIONAL, INC.)
GENERAL PARTNER,           )
                           )
       Defendants.         )

## MEMORANDUM OPINION

This civil action is before the court for consideration of the motion for summary judgment filed by defendants [doc. 13].[1] Plaintiff has responded [doc. 23], and defendants have submitted a reply [doc. 24]. Defendants were given permission to file a supplemental brief and have done so [doc. 45]. Plaintiff has submitted his response to that brief [doc. 48].

Plaintiff has brought suit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover overtime compensation. Defendants contend that they are entitled to summary judgment because plaintiff is a bona fide executive exempt from

---

[1] Defendants' motion was originally a combined motion pertaining to both plaintiffs. However, plaintiff Michael Hartman was voluntarily dismissed from this lawsuit on June 16, 2008, [doc. 28]. Therefore, the pending motion pertains only to the remaining plaintiff, Ryan Huml, and all references herein to "plaintiff" refer to Ryan Huml.

overtime requirements. For the reasons stated herein, defendants' motion will be denied.

I.

*Background*

Plaintiff was hired on or about December 19, 2005, as an Assistant Manager Trainee in one of defendants' restaurants in Knoxville, Tennessee. He became the Assistant General Manager on or about June 1, 2006. The letter offering employment to plaintiff stated that he would be a non-exempt employee during his training period but that after completion of the training period his position would be salary exempt. Plaintiff acknowledged receipt of the letter on December 27, 2005. As a manager trainee, plaintiff received a salary of $40,000 per year, and when he became a general manager his salary was raised to $46,000 per year. Defendants terminated plaintiff's employment on September 28, 2006, according to defendants for poor work quality.

When plaintiff was hired, his duties and responsibilities were to be primarily managerial and were as follows:

1. Responsibility for achieving food and labor cost goals;

2. Complete product ordering and inventory;

3. Responsibility for ensuring that the back of house employees follow the recipes, and oversee specification and safe preparation of all products; and

4. Oversee the back of the house portion of the restaurant to maintain a safe and sanitary work environment.

2

Plaintiff contends that he soon became a food preparation employee, which prevented him from performing his managerial tasks in any meaningful way. He contends that he spent approximately 90% of his time on non-managerial work, working routinely six days per week in excess of 70 hours per week. Defendants contend that plaintiff's primary job duties were managerial even though he may have spent time on non-exempt work, and therefore he falls within the bona fide executive exemption.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

3

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

Under the FLSA, an employer is required to pay its employees "at a rate not less than one and one-half time the regular rate" for each hour the employee works in excess of forty during the workweek. 29 U.S.C. § 207(a)(1). However, certain employees, including bona fide executives, are exempt from the requirements of section 207. 29 U.S.C. § 213(a)(1). Under the current regulations, a bona fide executive means any employee:

4

> 1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a). The overtime exemption is an affirmative defense, and the employer bears the burden of proof to show that the employee fits within the exemption. *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (citations omitted). The exemption is construed narrowly against the employer seeking to assert it. *Id.*; *see also Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997) (citations omitted). The employer has the burden of establishing the exemption by a preponderance of the evidence. *Thomas*, 506 F.3d at 502 (citing *Renfro v. Ind. Mich. Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007)).

A key issue in this case is whether plaintiff's primary duty was management. The regulations provide some guidance regarding the activities that comprise "management."

> Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used;

5

apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.

The regulations define "primary duty" as "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). An employee's primary duty is based on examining the facts in a particular case with emphasis on the character of the employee's job as a whole. *Id*. The regulations identify factors for the court to consider when determining the issue of primary duty that include but are not limited to: (1) the relative importance of the exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. *Id*.

The amount of time an employee spends doing managerial work is not determinative of whether he or she is an exempt employee, but it can be a guide to determining primary duty. 29 C.F.R. §541.700(b). The regulations provide:

> Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time

6

> performing exempt duties may nonetheless meet the primary
> duty requirement if the other factors support such a conclusion.

*Id.*

It is undisputed that plaintiff made in excess of $455 per week. However, other facts concerning his employment are in dispute. Plaintiff has submitted his detailed affidavit that describes the type of work he says he actually performed at the restaurant, the amount of time he spent doing that work, and the small percentage of time he actually spent on the tasks contained in his job description. In some instances, plaintiff's statements directly conflict with the affidavit and deposition testimony offered by defendants. For example, in her affidavit, administrative assistant Cherie Teague states that plaintiff "spent the vast majority of his time (over 90%) performing managerial duties" and then lists several specific duties. In contrast, plaintiff's affidavit states that he spent in excess of 90% of his time on non-managerial tasks and that his job was actually that of a food preparation employee.

Plaintiff also challenges defendants' contention that he had significant input into hiring and firing of employees, and he further disputes defendants' assertions regarding how much supervision and discretion he had regarding other employees in the kitchen. Plaintiff states that he spent less than 10% of his time on the managerial duties in his job description. The importance of the duties that plaintiff performed at defendants' restaurant and the amount of time he spent performing those duties are factual inquiries. *Shockley v. City of Newport News*, 997 F.2d 18, 26 (4th Cir. 1993)("the amount of time devoted to managerial duties, and the significance of those duties, present factual questions"); *see also*

*Ward v. Park Ave. Exploration Corp.*, No. 94-6157, 1994 WL 708187, at *2 (10th Cir. Dec. 21, 1994) ("By its very terms, the "primary duty" analysis is fact-driven.").

At the summary judgment stage, plaintiff's evidence must be believed and all inferences must be drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. The statements in plaintiff's affidavit directly address the duties he actually performed and the amount of time he says he spent performing those duties. These contentions are material and relevant to the primary duty inquiry. Thus, material issues of fact exist regarding plaintiff's primary duty, and summary judgment is not appropriate.

Accordingly, defendants' motion for summary judgment will be denied. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan        
United States District Judge